**Not For Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1011

BARRIE LYNN RIBEIRO,

Plaintiff, Appellant,

v.

JO ANNE BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

Michael J. Kelley on brief for appellant.
Mark T. Quinlivan, Assistant U.S. Attorney and Michael J.
Sullivan, United States Attorney, on brief for appellee.

October 4, 2005

**Per Curiam**. After carefully considering the briefs and record on appeal, we affirm the denial of disability benefits.

The central issue is whether the appellant showed that her mental impairment satisfied the twelve-month duration requirement. 20 C.F.R. § 416.920(a)(4)(ii); Barnhart v. Walton, 535 U.S. 212 (2002); Seavey v. Barnhart, 276 F.3d 1 (1st Cir. 2001). Substantial evidence supported the ALJ's conclusion that she did not. Among other considerations, the appellant worked for most of the period of alleged disability preceding the hearing, and examining and reviewing sources concluded that treatment would be, or had been, effective.

The appellant, who was represented by counsel at the hearing, argues that the ALJ breached his duty to develop the record by not requesting more information from a treating physician. The appellant had the burden of producing the evidence and proving impairment. 20 C.F.R. § 416.912. The ALJ had a duty to "develop an adequate record from which a reasonable conclusion can be drawn." Carrillo Marin v. Sec'y Health & Human Serv., 758 F.2d 14, 17 (1st Cir. 1985). The appellant makes no showing, however, that the duration of her impairment defied reasoned evaluation on the record. Currier v. Sec'y Health, Ed. & Welfare, 612 F.2d 594 (1st Cir. 1980). Although her treating physician's report contained gaps, the extent of her impairment was not undeveloped in the record as a whole. Moreover, in addition to the

-2-

aforementioned evidence, the ALJ could reasonably conclude that requesting supplemental information would have provided little insight.  The appellant stated that she saw the physician only intermittently, to update her medications, and the vocational expert testified that the marked limitations posited by the physician were inconsistent with the appellant's job.  20 C.F.R. § 416.927(d)(2).

Affirmed.  1st Cir. R. 27(c).